935 F.2d 268
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donald Patrick HOOKS, Defendant-Appellant.
 No. 90-5858.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 8, 1991.
Decided June 12, 1991.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Frank W. Bullock, Jr., District Judge. (CR-90-155-G)
 Daniel S. Johnson, Wilson, Degraw, Johnson & Rutledge, Winston-Salem, N.C., for appellant.
 Robert H. Edmunds, Jr., United States Attorney, Greensboro, N.C., for appellee.
 M.D.N.C.
 AFFIRMED.
 Before MURNAGHAN, SPROUSE and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Donald Patrick Hooks pled guilty to conspiracy to make and utter counterfeit obligations of the United States in violation of 18 U.S.C. Secs. 472 and 371. He appeals the sentence he received and we affirm.
 
 
 2
 Hooks contends that the government failed to prove by a preponderance of the evidence that he could be held accountable for over $500,000 in counterfeit obligations. At sentencing, Hooks stipulated to $30,000 in facsimiles of five-dollar bills which were used in change machines, and to $133,000 in counterfeit payroll checks which were cashed in numerous cities in eight states. However, he argued that $369,000 in counterfeit twenty-dollar bills and $100,000 worth of counterfeit traveller's checks were too poorly printed to be accepted in circulation and thus should not be used in calculating his sentence. After examining the two boxes of counterfeit twenty-dollar bills and a sample of the traveller's checks, the district court determined that all the traveller's checks and at least $300,000 of the twenty-dollar bills were convincing enough to pass in circulation and were chargeable to Hooks. This factual finding is reviewed under the clearly erroneous standard, United States v. Daughtrey, 874 F.2d 213 (4th Cir.1989), and we cannot say that say that the district court's determination is clearly erroneous.
 
 
 3
 Hooks also challenged the four-level increase he received as an organizer/leader. He argued that the conspiracy was a confederation of equals, and that his brother was more of a leader than he. The district court found that the increase was properly made. This determination is also reviewed for clear error. United States v. Sheffer, 896 F.2d 842 (4th Cir.), cert. denied, 59 U.S.L.W. 3246 (U.S.1990). Although the district court did not explain its reasons for the finding, the issue is not a close one. Hooks, with his brother, was involved in all of the four schemes comprising the conspiracy, solicited the involvement of codefendants, admitted to talking the printer into printing the counterfeit traveller's checks and twenty-dollar bills, and instigated at least two of the four schemes. Therefore, Hooks was properly found to be an organizer/leader.
 
 
 4
 Hooks has requested that he be allowed to file a pro se supplemental brief. He wishes to raise the disparity between his sentence and his co-defendants' sentences and his relative culpability in the conspiracy. His motion was filed long after the appellant's brief was filed and is thus untimely. A supplemental brief is also unnecessary because we have reviewed the questions Hooks seeks to raise in deciding whether a leader/organizer adjustment was warranted. The motion is therefore denied.
 
 
 5
 The judgment of the district court is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED